John A. Suffern *vs.* Colvin Chisholm, *et al.*

An order dissolving an attachment is a final order or decision under the act providing for appeals and writs of error.

Where such order is made by the judge at chambers and not by the court, the same cannot be received by the Supreme court.

Error to Third Judicial District.

*I. M. Hall* for plaintiff in error.

*James McNaught* for defendant in error.

Opinion by Lewis, Chief Justice.

This writ of error is here prosecuted to reverse the order of the judge of the Third Judicial District, made at chambers at Seattle, June 17th, 1875.

The case is this. Plaintiff brought his action in District court of Third Judicial District, to recover of defendants on a promissory note, and caused a writ of attachment to issue, and certain property of defendants to be attached.

Application was made in vacation to the judge of the Third Judicial District, to dissolve the attachment per code, Section 189.

On hearing the same, the judge at chambers ordered that the writ be discharged, and the property attached returned to defendants.

This ruling was duly excepted to, and the errors here assigned are:

1. That the judge erred in considering the motion, or in making any ruling whatever thereon.

2. Erred in sustaining motion.

3. Erred in holding writ improperly issued.

4. Erred in refusing to overrule motion.

5. Erred in ordering attachment discharged.

6. Erred in refusing to allow affidavit and bond to be filed.

Two points made to dismiss, we will consider.

1. That the decision sought to be reversed is an interlocutory, and not a final order.

2. That a decision of a judge at chambers cannot be reviewed on error.

Our statute provides that every final decision of a District court, in a civil action, may be re-examined in the Supreme court upon a writ of error.

We are of opinion that an order dissolving a writ of attachment, is a final order within the purview of this act.

The order made below, however, was not by the court, but by a judge at chambers.

The legislature has, in numerous instances, conferred upon the judges certain powers which ordinarily can be only exercised by a court.

In fact we may state the general rule to be that in actions at law, powers given to the court cannot be exercised by a judge at chambers, and that a judge at chambers can exercise no powers unless conferred by statute. See Sections 112, arrest; 150, injunctions; 170, same; 189, attachment; 194, attachment; 605 *habeas corpus*; 628, mandate; and see Section 639, giving a writ of error from judgment of the judge in mandate.

If the legislature intended that error would lie in any other cases from the judgment or order of a judge at chambers, they would doubtless have so said. And having given the remedy in one case, and not elsewhere, we think the intent is manifest not to give it.

The order of the judges below was not, in our view, the order of a District court, and not being an order of a court, it cannot be reviewed here.

The appellate jurisdiction of this court is regulated by law.

The legislature has said in what cases it may be exercised.

The case at bar is not within the provision of the law, by any liberal construction we may give it.

The motion to dismiss will be sustained.